CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2006

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALFRED RAY STROUPE III,<br>Petitioner, | Civil Action No. 7:06-cv-00150 |
| v. | **MEMORANDUM OPINION** |
| LARRY W. JARVIS, WARDEN,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Alfred Ray Stroupe III, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Stroupe challenges the validity of his 2003 convictions in the Circuit Court for Wythe County for being drunk in public and assault and battery. Upon review of the record, this court finds that the petition must be dismissed as untimely under the one-year statute of limitations applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

Stroupe pled guilty on June 11, 2003, pursuant to a plea agreement, to one count of being drunk in public and two counts of assault and battery. The court sentenced Stroupe to five years imprisonment, but then suspended four years and five months of that time. The plea agreement granted Stroupe a five-day furlough, from June 11 to June 16, 2003. After Stroupe failed to report back to jail on time, the court issued a show cause order. On December 3, 2003, Stroupe stood trial on another assault and battery charge and the show cause. The court ultimately dismissed the show cause, but nevertheless revoked the suspended time from the June 11, 2003, proceedings, and sentenced Stroupe to serve a total of seven years in prison. Stroupe did not appeal, although he did pursue motions for reconsideration of his sentence until his transfer to the Virginia Department of Corrections (VDOC) in August 2004. He filed a state habeas petition on September 20, 2005, in the Supreme Court of Virginia. Stroupe's motion to amend the petition was denied and the petition was dismissed in November 2005; the court also denied

1

his petition for rehearing on January 24, 2006.

Stroupe executed his § 2254 petition on March 9, 2006. In his petition, he alleges the following grounds for relief: A) several claims of ineffective assistance of counsel–(1) failure to file a notice of appeal after petitioner asked him to do so; (2) conflict of interest because defense counsel was the prosecuting attorney in the same circuit where petitioner was tried; (3) failure to withdraw plea agreement at petitioner's request, to put forth evidence or prepare for reconsideration hearing, and to prevent petitioner's transfer to the VDOC before reconsideration hearing; (4) failure to object to inaccuracies in the presentence report or to the court's imposition of an upward departure from the sentencing guidelines; B) no notice of probation revocation hearing in violation of due process; C) no notice of revocation of suspended sentence; D) ineffective assistance when counsel failed to prepare for criminal proceedings; E) ineffective assistance when counsel coerced petitioner into taking the plea bargain, pursuant to a plea agreement to which petitioner had earlier objected; F) arrest warrant was invalid because it was based on hearsay statements by officers; and G) illegal arrest for drunk in public when petitioner was on private property.

II.

The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277

2

F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

III.

Stroupe clearly filed his § 2254 petition late under § 2244(d)(1)(A). His conviction became final on or about January 5, 2004, when his 30-day period to file an appeal expired. See Virginia Code §8.01-675.3; United States v. Clay, 537 U.S. 522 (2003). He had one year from that date, until January 4, 2005, to file a timely § 2254 motion. Stroupe did not execute his current petition until March 9, 2006, more than a year after his limitation period expired under §2244(d)(1)(A).

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). Stroupe did not file his state habeas petition until September 2005, several months after his federal limitation period had expired. Moreover, the state court dismissed his petition as untimely filed. As such, the state petition was not properly filed so as to toll the running of the limitation period. Pace, 125 S. Ct. at 1814.

Stroupe argues that his statutory period should be calculated under § 2244(d)(1)(B), because state officials impeded his ability to file a federal habeas petition concerning his claims by housing him for more than a year in jails that did not provide him with adequate access to

3

legal materials. From before his conviction until December 2003, and then again for a brief period from July 27, 2004 until August 31, 2004, Stroupe was incarcerated at the New River Valley Regional Jail. This jail had a computer data base library. When Stroupe asked to access legal materials from the data base, however, officials told him that because he was represented by counsel, he could not use the data base. His attorney did not respond to Stroupe's requests for assistance with a habeas petition. From December 16, 2003 until July 27, 2004, Stroupe was housed at the Smith County Jail, which had no law library, and from August 31, 2004, until January 11, 2005, at Deep Meadow Receiving Center, which provided for inmates to receive photocopies of four cases per week if they specifically requested them. Stroupe claims that he was unaware of the AEDPA filing deadline for habeas petitions and had no access to legal materials where he would have discovered the deadline. He also complains that he has no legal training and was unable to do legal research without assistance, which he finally received after his transfer to Bland Correctional Center in January 2005.

The court cannot find that Stroupe has alleged facts justifying calculation of his statutory limitation period under § 2244(d)(1)(B). To qualify as an impediment under this section, the hindering circumstance must be such that it "prevents" the applicant from filing a timely federal petition. . Gaston v. Palmer, 387 F.3d 1004, 1009 (9th Cir.2004) (finding that petitioner must establish causal connection between alleged impediment and failure to file timely petition). Stroupe fails to demonstrate that the alleged inadequacies of the jail law libraries alone prevented him from filing a timely federal petition. He describes only one occasion when he requested legal materials. At Deep Meadow, he admits that he could have requested cases or statutes, but does not allege making any attempt to do so. Even after he reached Bland and had access to legal materials and assistance, he waited another eight months before filing his state habeas petition. Stroupe's lack of legal training does not excuse his failure to investigate his legal options during the year following his conviction. This lack of diligence precludes him from invoking § 2244(d)(1)(B) or equitable tolling. See Harris, 209 F.3d at 330-331 (citing other

4

cases) (finding that simple negligence in calculating statutory period or failure to discover the existence of a time limit, whether caused by an attorney's mistake or by a pro se litigant's unfamiliarity with the legal process, lack of legal representation or lack of access to legal materials giving notice of the time limit, is insufficient basis upon which to invoke equitable tolling).

In any event, even if the court were to calculate Stroupe's limitation period as beginning when he was transferred to Bland and had adequate library access, his federal petition would still be untimely. From January 5, 2005, when he reached Bland, to March 9, 2006, when he filed his federal petition, is 422 days. The pendency of his state habeas petition does not affect this number because it was also untimely and therefore not "properly filed" so as to toll the period under § 2244(d)(2).

Stroupe next asserts that he was misled by a letter from the institutional attorney, informing him that he had two years from the date of his conviction or one year from completion of an appeal to file a timely state habeas petition. As this statement is an accurate representation of Virginia Code § 8.01-654(A)(2), the court cannot find that the attorney's letter provides grounds to alter the start date of Stroupe's limitation period under any section of § 2244(d) or to invoke equitable tolling. Moreover, he did not receive this letter until July 2005, after sitting on his rights for a year and a half after his conviction.

Finding no ground upon which Stroupe's federal petition could be deemed timely filed, the court will dismiss the petition. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253( c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability

5

Case 7:06-cv-00150-JCT-mfu   Document 6   Filed 05/08/06   Page 5 of 6   Pageid#: 109

pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 8th day of May, 2006.

/s/ James C. Turk
Senior United States District Judge